{¶ 13} I respectfully dissent. Paragraph 4 of the parties' divorce decree provides:
 "The Defendant shall retain as his sole and exclusive property, free from any claim of the Plaintiff, the business which he owns known as J M Laundry. The Defendant shall assume any outstanding obligations incident to this ownership of said business and shall hold the Plaintiff harmless therefrom." *Page 8 
 {¶ 14} Paragraph 14 of the decree states:
 "In lieu of spousal support, the Defendant shall permit the Plaintiff to remain an employee of J M Laundry for a period of not less than seven years unless, in that seven-year period, Plaintiff finds other employment suitable to her which provides her with health insurance. The Plaintiff has been working at J M Laundry four shifts per week. Her hours, working conditions and remuneration, both in salary and other benefits, including washing clothes for customers, shall not be significantly changed subject to further order of this Court. During the time that Plaintiff is employed by J M Laundry, said business shall provide Plaintiff with health insurance at least equivalent to that supplied to her in the past. There shall be no significant changes made in the health insurance provided to Plaintiff.
 "The obligation to maintain the Plaintiff as an employee, to provide her with health insurance and to make no significant changes in her remuneration or working conditions shall be subject to further order of this Court. Either party may petition the Court for a modification of Plaintiff s working conditions based upon a significant change in circumstances, but not as to the duration of said seven-year period."
 {¶ 15} In paragraph 14 of said decree, the trial court expressly retains jurisdiction of the terms and conditions of appellee's employment at J M Laundry. Unless paragraph 14 is construed to cover support and maintenance of appellee, paragraphs 4 and 14 would be contradictory. I would find that paragraph 14 of the parties' divorce decree is a spousal support provision and affirm the trial court's order.
 {¶ 16} Regarding appellant's second assignment of error that the trial court erred in calculating the amount of spousal support it awarded appellee, I would sustain the assignment of error and remand the matter to the trial court. The record before this Court is void of any evidence to support the trial court's finding *Page 9 
that prior to appellee's disability, she received $1,500 per month from her employment and the trial court gives no explanation as to how it reached its conclusion. Therefore, I would remand the matter to the trial court for a determination of the correct amount of appellant's spousal support obligation. *Page 1